**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NERY RODOLFO GUERRA SALAZAR, | No. 08-72991 |
| Petitioner, | Agency No. A070-951-248 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN and N.R. SMITH, Circuit Judges.

Nery Rodolfo Guerra Salazar, native and citizen of Guatemala, petitions for

review of a Board of Immigration Appeals' order summarily dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992), and de novo due process claims, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We deny the petition for review.

Substantial evidence supports the IJ's finding that Guerra Salazar failed to establish the threats made against him in Guatemala rise to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000). Substantial evidence also supports the IJ's finding that Guerra Salazar did not demonstrate he suffered past persecution or has a well-founded fear of future persecution on account of a protected ground. *See Elias-Zacarias*, 502 U.S. at 482.

Because Guerra Salazar failed to meet the lower burden of proof for asylum, it follows that he has not met the higher standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, given the lack of nexus between the harm he allegedly suffered and a protected ground, Guerra Salazar's contention that the thirteen-year delay in the adjudication of his asylum application violated his due process rights fails because he has not shown prejudice. *See Ngongo v. Ashcroft*, 397 F.3d 821, 823 (9th Cir. 2005) (a petitioner must be prejudiced by a due process violation).

**PETITION FOR REVIEW DENIED.**